# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHANIE JEAN S.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 20-1349-JWL |
| KILOLO KIJAKAZI,[2] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) pursuant to sections 216(i) and 223, Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of Plaintiff's allegations of disabling symptoms, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings consistent herewith.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.      Background**

Plaintiff protectively filed an application for DIB on June 13, 2018. (R. 15). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erred in failing to articulate his persuasiveness finding regarding the medical opinions of her medical provider, Dr. Smith, and in evaluating her allegations of disabling symptoms.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the

Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, she is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Remand is necessary because the ALJ erred in evaluating Plaintiff's allegation of symptoms resulting from her impairments.  On remand the Commissioner must once again assess Plaintiff's RFC and it is inappropriate for the court to provide an advisory opinion on the consideration of Dr. Smith's opinion.  Plaintiff may make her arguments in that regard to the Commissioner on remand.

## II.     Evaluation of Plaintiff's Allegations of Symptoms

Plaintiff claims the ALJ erred in failing to explain why allegations of exacerbations of her balance problems, dizziness, pain, headaches, and confusion caused by visual stimuli

were not included in the RFC assessed. (Pl. Br. 14-17). She argues the ALJ's evaluation of her allegations "rested on conclusory statements and purported conflicts between allegations of other limitations and the evidence." Id. at 17. She points out the ALJ "did recognize allegations of exacerbating conditions, but the ALJ provided no explanation for whether the limitations were supported by or consistent with the record." Id. at 18.

The Commissioner argues, on the other hand, "The ALJ reasonably found that Plaintiff's reported symptoms were inconsistent with other evidence." (Comm'r Br. 7) (bold omitted). She points out an ALJ's finding as to a claimant's allegations of symptoms resulting from her impairment "is due 'particular deference' by the Court [sic]]" and the ALJ's reasons here "were grounded in substantial evidence." Id. at 8 (citing R. 20-23). She argues the findings were supported by normal neurological and psychological findings; normal eardrums and cranial nerves; normal ability to walk, sit, and stand; good hand/eye coordination and normal ability to get on and off an examination table; normal brain MRI; and normal cognitive findings. Id. Finally, she argues Plaintiff's reports of disabling symptoms were inconsistent with her admitted activities of daily living. Id. at 9.

### A.     Standard for Evaluating a Claimant's Allegation of Symptoms

The Tenth Circuit has explained the analysis for considering subjective allegations regarding symptoms. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (dealing specifically with pain).

> A claimant's subjective allegation of pain is not sufficient in itself to establish disability. Before the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could

5

reasonably be expected to produce the alleged disabling pain. This court
has stated: The framework for the proper analysis of Claimant's evidence
of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). We
must consider (1) whether Claimant established a pain-producing
impairment by objective medical evidence; (2) if so, whether there is a
"loose nexus" between the proven impairment and the Claimant's
subjective allegations of pain; and (3) if so, whether, considering all the
evidence, both objective and subjective, Claimant's pain is in fact
disabling.

Thompson, 987 F.2d at 1488(citations and quotation omitted).

In evaluating a claimant's allegations of symptoms, the court has recognized a non-exhaustive list of factors which should be considered. Luna, 834 F.2d at 165-66; see also 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). These factors include:

the levels of medication and their effectiveness, the extensiveness of the
attempts (medical or nonmedical) to obtain relief, the frequency of medical
contacts, the nature of daily activities, subjective measures of credibility
that are peculiarly within the judgment of the ALJ, the motivation of and
relationship between the claimant and other witnesses, and the consistency
or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson, 987 F.2d at 1489).[3]

---

[3] Luna, Thompson, Kepler, Talley, Hackett, Wilson, Broadbent, Huston, and Glass were decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from her impairments was "credibility determination." Although that term is no longer used, the applicable regulation never used that term and the procedure for evaluating a claimant's allegations of symptoms has not significantly changed. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,871 (Jan. 18, 2017) (codified at 20 C.F.R. § 404.1529). Moreover, the Tenth Circuit held its approach to credibility determination was consistent with the approach set forth in SSR 16-3p. Brownrigg v. Berryhill, 688 Fed. Appx. 542, 546 (10th Cir. 2017). Therefore, the three-step framework set out in Luna, based on 20 C.F.R. § 404.1529 (2017) is still the proper standard to be used as explained in the regulations in effect on

The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating a claimant's allegations of symptoms which overlap and expand upon the factors stated by the court in Luna:  Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. § 404.1529(c)(3)(i-vii).

An ALJ's evaluation of a claimant's allegation of symptoms is generally treated as binding on review.  Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983).  "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.  Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173.  Therefore, in reviewing the ALJ's evaluation of a claimant's allegation of symptoms, the court will usually defer to the ALJ on such matters.  Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); but see Thompson, 987 F.2d at 1490 ("deference is not an absolute rule").  "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"  Wilson, 602 F.3d

---

April 30, 2020, when this case was decided.  Nonetheless, to the extent that "subjective measures of credibility that are peculiarly within the judgment of the ALJ;" Kepler, 68 F.3d at 391; relate to an examination of a claimant's character, it is specifically prohibited by SSR 16-3p, and is no longer a valid factor to be considered.

7

at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173 (same).

### B.     Analysis

As the parties agree, the ALJ noted that Plaintiff alleged she was disabled, in part, by symptoms resulting from balance issues. (R. 20). The ALJ considered Plaintiff's allegations of symptoms in accordance with Social Security Ruling (SSR) 16-3p and found that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id.

For the next three-and-a-half pages, the ALJ set out his summary of the record medical evidence, including in his summary both Plaintiff's allegations and the medical providers' summaries and findings. Id. at 20-23. In his summary the ALJ set out the providers' reference to the normal findings upon which the Commissioner relies as inconsistent with Plaintiff's allegations. (Comm'r Br. 8). Moreover, the ALJ also noted Plaintiff's daily activities which the Commissioner argues the ALJ found inconsistent with Plaintiff's allegations of debilitating dizziness and vertigo. Id. at 9.

The ALJ's decision, however, while noting the findings upon which the Commissioner relies before this court, summarized the medical evidence in a very even-handed way, listing both the medical providers' findings and Plaintiff's reports to the providers on an equal footing. While the ALJ stated both aspects of the record, he did not identify any inconsistencies he relied upon as a basis to discount Plaintiff's allegations of symptoms. Although the ALJ stated he found the allegations "not entirely

8

consistent … for the reasons explained in this decision" (R. 20), he did not explain any particular reasons in his decision. Rather, he merely summarized the facts and left it for the reader to surmise which facts demonstrated inconsistencies and how those inconsistencies supported his finding that Plaintiff's allegations are not entirely consistent. The ALJ's duty is to point out the inconsistencies upon which he relied to discount the claimant's allegations—the court's duty is to determine whether the inconsistencies relied upon are supported by the record evidence.

The ALJ's consideration of Plaintiff's activities of daily living is only marginally better. As the Commissioner suggests in her brief, the ALJ noted the daily activities Plaintiff reported. (R. 23). He then concluded:

> The claimant has some limitations secondary to her physical pain (headaches) and problems with balance. However, the claimant has no more than moderate functional limitations. Moreover, there is no indication based on the record as a whole, lack of mental health treatment, reported activities and mental status examinations that the claimant would be unable to perform simple work as noted in the residual functional capacity.

Id. Here, the ALJ acknowledges that Plaintiff has limitations from her headaches and balance problems, but his conclusions are a non-sequitur. He asserts she has no more than moderate functional limitations (apparently resulting from these named problems) but he points to no evidence demonstrating such limitations. His next sentence does not clarify the matter, for he does not identify any connection between mental health treatment, Plaintiff's reported activities, or mental status examination which might demonstrate only moderate functional limitations caused by balance problems.

The court does not intend to suggest here that the record demonstrates greater than moderate limitations resulting from Plaintiff's balance problems or greater RFC limitations than assessed by the ALJ.  That is not an issue for the court to decide.  Rather, the court merely holds that the ALJ did not properly explain his evaluation of Plaintiff's allegations of symptoms and remand is necessary for a proper evaluation in accordance with SSR 16-3p.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision and REMANDING this case for further proceedings consistent herewith.

Dated January 24, 2022, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**